IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| QUINTEZ TALLEY | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| LT. D. PRESSLEY, LAURA BANTA, JAMES MCINTEL, GENA CLARK, J. TERRA, THOMAS C. GRENEVICH, M. NASH, LT. KULL, C/O WILLIAMS, C/O BARRETTO, C/O MARTINEZ and UNKNOWN CORRECTIONAL OFFICERS | : | NO. 18-5196 |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                     **March 9, 2020**

Pursuant to Federal Rule of Civil Procedure 60(a) and (b)(4), the plaintiff, Quintez Talley, moves for relief from our December 13, 2018 order dismissing his complaint as frivolous.[1] He contends that it is the product of a mistake or otherwise void because in the accompanying memorandum opinion we dismissed his American with Disabilities Act (ADA) claims against prison officials in their entirety on the basis that "Title II does not authorize suits against government officers in their individual capacities."[2] He observes that in one of his more recent cases we considered ADA Title II claims brought against prison officials in their official capacities on the merits.[3]

**LEGAL STANDARD**

Rule 60(a) authorizes district courts to correct an order if it contains "a clerical mistake or a mistake arising from oversight or omission . . . ." FED. R. CIV. P. 60(a). It

---

[1] Dec. 13, 2018 Order at ¶ 6 (ECF No. 6).

[2] Pl.'s Mot. for Relief from J. or Order at 1-2 (ECF No. 10). *See* Dec. 13, 2018 Memo. Op. at 7 (quoting *Williams v. Hayman*, 657 F. Supp. 2d 488, 502 (D.N.J. 2008)) (ECF No. 5).

[3] Pl.'s Mot. for Relief from J. or Order at 1-2. *See Talley v. Clark*, No. 18-5315, at *6-7 & n.20 (E.D. Pa. Aug. 5, 2019) (memorandum opinion).

"applies when the record indicates that the court intended to do one thing but, by virtue of a clerical mistake or oversight, did another." JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.11[1][a]. "The mistake to be corrected must be clerical or mechanical, because Rule 60(a) does not provide relief from substantive errors . . . ." *Id.*

Rule 60(b)(4) authorizes district courts to relieve a party from a void judgment. FED. R. CIV. P. 60(b)(4). To be void, a judgment must be "totally beyond a court's power to render," not simply wrongly decided. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.44[1][a]. Nor is a motion under Rule 60(b)(4) a substitute for an appeal. *Id.*

## ANALYSIS

In *Talley v. Clark*, No. 2:18-cv-5315, Talley indicated in his response to the defendants' motion to dismiss that his ADA claims were against them in their official capacities.[4] Although Talley did not plead this fact in his complaint, mindful of his *pro se* status, we construed the claims as alleging official capacity liability and considered them on the merits.[5]

In this case, Talley gave no indication that he asserted ADA claims against the defendants in their official capacities. Indeed, the only reference to an ADA claim is in paragraph two of his complaint: "Plaintiff's American with Disabilities Act ('ADA') claims are brought pursuant to 42 U.S.C. § 12131-12165 [i.e., Title II]."[6] Talley's "Legal Claims" section asserts claims for violations of the Eighth and Fourteenth Amendments and for intentional infliction of emotional distress, but no ADA claim.[7]

---

[4] Pl.'s Response at 2 (ECF No. 11).

[5] *Talley v. Clark*, No. 18-5315, at *6-7 (E.D. Pa. Aug. 5, 2019) (memorandum opinion). Talley alleged ADA discrimination and retaliation. We dismissed both claims for failure to state a claim. *Id.* at *7.

[6] Compl. at ¶ 2 (ECF No. 2).

[7] *Id.* at ¶¶ 28-32.

Nonetheless, we observed in our memorandum opinion that Title II does not authorize ADA claims against officers in their individual capacities.[8] Because Talley asserted no official capacity claims, we dismissed his ADA claims, if any, on this basis.[9] The dismissal was not a clerical error. Nor was our order void. We unquestionably had jurisdiction over Talley's claims alleging constitutional and, possibly, ADA violations by prison personnel. It was within our power to dismiss them.

Talley may believe it was legal error to dismiss any ADA claim. We disagree. Talley made a passing mention of the ADA and made no attempt to assert an ADA claim against any defendants in their official capacities. If we had considered such a claim on the merits, we would have been obliged to dismiss it for failing to state a claim. But, even if the dismissal were somehow error, Talley's recourse was an appeal, not a Rule motion.[10]

---

[8] Dec. 13, 2018 Memo. Op. at 7.

[9] *Id.*

[10] We also note that although we granted Talley leave to file an amended complaint, he failed to do so. Dec. 13, 2018 Order at ¶ 6.